# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| TAYLOR FRESH FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:26-cv-00772 |
| | ) | |
| BRIAN THURE, ET AL., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court are motions to stay filed by Defendants Brian and Julie Thure and MTS Building and Electrical ("MTS") and James McPherson. (Doc. Nos. 14, 27). Plaintiff Taylor Fresh Foods, Inc. ("TFF") filed responses in opposition (Doc. Nos. 31, 42), and Defendants filed replies (Doc. Nos. 33, 42). For the reasons discussed below, the motions (Doc. Nos. 14, 27) are **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

TFF brings this action against Defendants under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and Tennessee state and common law.

TFF alleges that Defendants committed fraud by "falsifying vendor charges, unauthorized payroll, personal service arrangements paid for by TFF, improper reimbursements, personal construction work paid for by TFF, personal credit card charges paid for by TFF, unauthorized vehicle purchases, the routing of funds through sham entities and personal bank accounts, and other transactions that benefited Mr. Thure, his family, and his co-conspirators" and that "Mr. Thure concealed his schemes by manipulating his control over subordinate employees, internal reporting channels, accounting processes, and computer infrastructure, including manipulating TFF and TFTN's IT systems and circumventing their IT safeguards," that "Mrs. Thure actively

participated in and aided in the concealment of fraud. Mr. McPherson facilitated the fraud by offering his personal bank account at Wilson Bank and Trust and Pinnacle Financial Partners to receive and disburse funds stolen from TFTN through the sham entity MTS Building and Electrical." (Doc. No. 1 ¶¶ 3-4).

TFF brings claims against Brian Thure for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, violation of the Tennessee Personal and Commercial Computer Act, Tenn. Code Ann. § 39-14-602, fraudulent concealment, and breach of fiduciary duty and duty of loyalty. TFF brings claims against both Brian Thure and Julie Thure for fraudulent misrepresentation. TFF brings claims against all Defendants for civil conspiracy, conversion, and unjust enrichment.

Brian and Julie Thure (the "Thure Defendants") filed their pending motion to stay this action on June 19, 2026. (Doc. No. 14). Defendants MTS Building and Electrical and James McPherson filed their pending motion to stay on July 2, 2026. (Doc. No. 27).

## II.    STANDARD OF REVIEW

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). "This is a highly deferential standard, especially because a stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy. *Id.* (citation modified). Moreover, "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment" and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings. As a result, district courts have broad discretion in

2

determining whether to stay a civil action while a criminal action is pending or impending." *Id.* at 628 (internal citations omitted).

"District courts generally consider and balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Id.* (internal citation omitted). "In addition to those factors, district courts should consider the extent to which the defendant's fifth amendment rights are implicated" and "[t]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* (internal citation omitted). "The most important factor is the balance of the hardships, but the district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* at 628.

## III.    ANALYSIS

### A. Defendants Brian and Julie Thure

The Thure Defendants argue that a 90-day stay of this action is warranted because TFF's counsel referred the Thures to the United States Attorney's Office and an active federal investigation commenced before TFF filed this action, TFF's Complaint in this action targets the identical conduct at issue in the federal criminal investigation and thus, there is substantial overlap of the issues, the balance of hardships decisively favors a stay, and the criminal investigation is active and documented. The Thure Defendants also argue that TFF will not be prejudiced by a 90-

3

day stay, the Thures' Fifth Amendment interests and burden of simultaneous litigation weigh in favor of a stay, a stay serves the Court's interest in judicial economy, and the public interest favors protecting the integrity of the criminal investigation.

In response, TFF argues that the Thures are dissipating and concealing assets funded by money stolen from TFF and that the Thures are "funneling hundreds of thousands of dollars into undisclosed accounts, listing properties for sale, and running out the clock until any meaningful recovery becomes impossible." (Doc. No. 31 at 2). More specifically, TFF contends that:

> Since the fraud was uncovered the Thures have, among other things: (i) changed the email tied to the Pinnacle Financial Partners account held in Co-Defendant McPherson's name, the account McPherson admitted served as the conduit for approximately $12 million in stolen funds from that same account on the day Thure's fraudulent scheme was discovered by TFF and his employment terminated; (ii) transferred approximately $600,000 around in bank accounts in the days following TFF's discovery of the Thure's fraudulent scheme; (iii) liquidated or transferred approximately $163,000 in cryptocurrency through Coinbase between March 7 and March 14, 2026; (iv) listed their Kentucky residence at 2220 Amici Drive, Covington, Kentucky 41017 for sale at $514,900 within weeks of Mr. Thure's termination; (v) continued developing a Humboldt County, California parcel through "Thure Family Investments, LLC," and filing a Petition for Zone Reclassification on June 12, 2026; and (vi) permitted fraudulently placed payroll employees (including a personal chef, personal trainer, personal driver, pool and aquarium technicians, and family members) to drain their 401(k) accounts upon learning of TFF's investigation.

(Doc. No. 31 at 3-4). TFF contends that a 90-day stay of this action would provide time for the Thures to continue dissipating the assets this lawsuit seeks to recover.

TFF also argues that since no criminal case has been filed against the Thures, "it is unclear what crimes would be charged" and "an open investigation into the same conduct underlying the civil claims does not supply the required 'nexus…sufficient to show that such proceedings are related and involve substantially similar issues." (Doc. No. 31 at 6). TFF also contends that in its motion for expedited discovery (Doc. No. 20), it seeks "bank statements, property deeds, financial records, and the current location of the misappropriated funds" which "raise none of the

4

overlapping issues the stay doctrine is meant to address." (*Id.*). TFF argues that the status of the case also weighs against a stay because "many investigations close without charges" and the Thures have not been indicted.

TFF argues that the balance of hardships weighs against a stay because TFF has an interest in promptly recovering the allegedly misappropriated funds and "[e]very day the case waits is another day the Thures can move money TFF may never recover." (Doc. No. 31 at 8-9). TFF argues that a stay will not injure the Thures and that the interests of the Court and the public weigh against a stay of this action.

After reviewing the parties' briefs and the record as a whole, the Court finds that a stay of this action based on a pending criminal investigation is not warranted. Notably, the Thure Defendants urge the Court to stay this action to protect their Fifth Amendment privilege against self-incrimination, among other reasons. However, no indictment has been filed, nor is there sufficient evidence in the record to suggest that a criminal case will be filed against the Thure Defendants in the future. The Court is cognizant of the Thure Defendants position that "forcing [them] to respond to the allegations in the complaint, respond to written discovery, and give deposition testimony in this civil case is not merely an inconvenience—it would erode their constitutional privilege, with no way to claw back a deposition transcript or an interrogatory answer once it exists." However, as correctly pointed out by TFF, Fed. R. Civ. P. 36(b) states that "an admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding," which precludes any admissions by the Thure Defendants in this civil action from later being used against them in a criminal proceeding. Moreover, as TFF notes, Fed. R. Civ. P. 33 permits the Thure Defendants to make objections, including regarding the Thures' Fifth Amendment privileges, to interrogatories. Accordingly, the Court finds that

5

procedural mechanisms exist to ensure that advancing this case does not undermine the Thure Defendants' Fifth Amendment privileges and it is in the interest of judicial economy and efficiency that the civil action against the Thure Defendants proceeds.

## B. Defendants MTS and James McPherson

Defendants MTS and Mr. McPherson contend that this action should be stayed pending resolution of the criminal matter because the core issues in the criminal investigation are identical to the issues in this action, the status of the criminal proceedings is a parallel criminal investigation, any prejudice to TFF caused by a stay is "trumped" by a parallel criminal investigation, the burden on Mr. McPherson will be great if the cases go forward at the same time, and this Court's interest and the public interest weigh in favor of staying this action.

In response, TFF contends that MTS and Mr. McPherson improperly seek an open-ended stay before any indictment or criminal charges against MTS or Mr. McPherson have been filed. TFF also contends that the balance of the hardships weighs against a stay of this action and that MTS cannot assert Mr. McPherson's Fifth Amendment privilege. TFF also argues that an overlap of the issues in this action and the criminal investigation does not justify a stay in the present case because TFF seeks discovery identifying Defendants' assets and the discovery sought "is essential to determine whether emergency injunctive relief is necessary and to prevent further dissipation or concealment." (Doc. No. 38 at 13).

The Court declines to stay the action against MTS and Mr. McPherson. It appears that it is uncertain whether any indictment against MTS or Mr. McPherson will be issued. Accordingly, at this juncture, the Court is unable to determine the extent to which the issues in the civil and criminal cases overlap. Moreover, for the reasons explained above, the Court is unpersuaded that continuing this action will undermine Mr. McPherson's Fifth Amendment privilege.

Accordingly, the Court finds that a stay of this action against MTS and Mr. McPherson is not appropriate at this time.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motions to stay (Doc. Nos. 14, 27) are **DENIED**.

In the event that an indictment is issued against any Defendant in the future, the parties shall promptly file a status report notifying the Court and providing a status update. If an Indictment is filed against any Defendant, counsel may seek leave to re-file a motion to stay this action.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE