# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| TAYLOR FRESH FOODS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 3:26-cv-00772 |
| BRIAN THURE, an individual; JULIE THURE, an individual; MTS BUILDING AND ELECTRICAL; and JAMES MCPHERSON, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS BRIAN THURE AND JULIE THURE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ADVANCE AND REQUEST AN IN-PERSON CASE MANAGEMENT CONFERENCE

Plaintiff's Motion (Dkt. 45) asks this Court to move a conference five weeks forward on the strength of a certification that is not accurate. Counsel for Brian and Julie Thure (the "Thures") had responded to Plaintiff's conferral email eleven minutes before Plaintiff filed—stating their opposition and their unavailability on the very date Plaintiff proposed. Plaintiff's own counsel called the filing "inadvertent" that night and promised an amended motion. Plaintiff has since refused to file one. The Motion should be denied on both substantive and procedural grounds.

The Thures adopt and incorporate by reference the arguments set forth in the Response in Opposition filed by Defendants MTS Building and Electrical and James McPherson (the "MTS Defendants") (Dkt. 47), which explains why nothing in this

case warrants advancing the conference by five weeks, why Local Rule 78.01 forecloses Plaintiff's demand for an in-person hearing, and why the August 11 date does not work for counsel. In the interest of conserving the Court's and the parties' resources, the Thures do not repeat those arguments and instead write separately to address one matter uniquely within their knowledge: the accuracy of Plaintiff's Local Rule 7.01(a)(1) certification.

## I. Plaintiff's Local Rule 7.01(a)(1) certification is inaccurate, and Plaintiff has declined to correct it.

The sequence is not in dispute; it appears in the parties' own emails, attached as Exhibit A. On August 4, 2026, at 6:00 p.m., Plaintiff's counsel emailed all counsel a copy of the proposed Motion, asked for Defendants' position, and did not say when Plaintiff intended to file. Ex. A. At 7:12 p.m. that evening, counsel for the Thures responded. *Id*. They opposed the Motion, advised that counsel had a conflict on August 11—the only date Plaintiff proposed to the Court—and asked that the conflict at least be noted in the filing. *Id*.

Eleven minutes later, at 7:23 p.m., Plaintiff filed. It told the Court that "counsel for Plaintiff has conferred with counsel for Defendants" and that "[d]efendants' counsel did not respond before Plaintiff filed this Motion." Dkt. 45 ¶ 16. Neither statement is accurate. Undersigned counsel had responded, and a single email sent after business hours and an hour before filing is not a conference.

Plaintiff's counsel said as much that night. At 8:58 p.m., counsel called the filing "inadvertent[]," acknowledged the "error," recognized Defendants' "objections," and committed to file an amended motion. Ex. A. The next day, Plaintiff reversed

course. Now Plaintiff asserted the statement was "not false," and Plaintiff would "not withdraw[]" the Motion. *Id.* Plaintiff's fallback—that the Rule lets a movant describe its efforts instead of conferring—does not rescue the certification. Where counsel "is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel and the results of such attempts." M.D. Tenn. L.R. 7.01(a)(1). Paragraph 16 describes none because none happened. Plaintiff satisfied neither branch of the Rule.

Plaintiff's false representations matter beyond the Local Rule. By presenting the Motion, counsel certified that its factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). The Thures do not move for sanctions, and recognize that Rule 11(c)(2) requires a separate motion and a safe-harbor period. They ask only that the Court decline to credit Paragraph 16 and deny the Motion, and they reserve all rights.

**CONCLUSION**

The Thures respectfully request that the Court deny the Motion (Dkt. 45) and leave the initial case management conference set for September 15, 2026, to be conducted by telephone, as the Court has already scheduled.

Dated: August 6, 2026                                  Respectfully submitted,

                                                       LITSON PLLC

                                                       */s/ John R. Glover*
                                                       Brent A. Hannafan (BPR # 25209)
                                                       John R. Glover (BPR # 037772)

3

54 Music Square East, Suite 300
Nashville, Tennessee 37203
Telephone: (615) 985-8187
brent@litson.co
jr@litson.co

*Counsel for Defendants Brian Thure
and Julie Thure*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2026, a true and correct copy of the foregoing was filed and served on all counsel of record via the Court's CM/ECF system, including:

Darius Walker, Jr.
Erin A. Shackelford
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
401 Commerce Street, Suite 1200, Nashville, TN 37219
*Counsel for Plaintiff Taylor Fresh Foods, Inc.*

Kimberly S. Hodde
MEISTER SEELIG & SCHUSTER PLLC
40 Music Square East, Nashville, TN 37203
*Counsel for Defendants MTS Building and Electrical and James McPherson*

/s/ *John R. Glover*

4