| | |
|---|---|
| TAYLOR FRESH FOODS, INC., | |
| Plaintiff, | Case No. 3:26-cv-00772 |
| v. | Chief Judge William L. Campbell, Jr. |
| | Magistrate Judge Luke A. Evans |
| BRIAN THURE, et al., | |
| Defendants. | |

## **MEMORANDUM ORDER**

The following motions are pending before the Court: Plaintiff's motion for reconsideration (Doc. No. 19); Plaintiff's motion to expedite discovery (Doc. No. 20); Defendants MTS Building and Electrical and James McPherson's motion for an extension of time to respond to the complaint (Doc. No. 22); Plaintiff's motion for entry of default as to all Defendants (Doc. No. 30); Defendants Brian and Julie Thure's second motion for an extension of time to respond to the complaint (Doc. No. 40); Plaintiff's motion for entry of default against Brian and Julie Thure (Doc. No. 43); and Plaintiff's motion to expedite the initial case management conference (Doc. No. 45). These motions have been fully briefed and are ripe for decision.

Plaintiff alleges that Defendants committed fraud by "falsifying vendor charges, unauthorized payroll, personal service arrangements paid for by TFF, improper reimbursements, personal construction work paid for by TFF, personal credit card charges paid for by TFF, unauthorized vehicle purchases, the routing of funds through sham entities and personal bank accounts, and other transactions that benefited Mr. Thure, his family, and his co-conspirators and that Mr. Thure concealed his schemes by manipulating his control over subordinate employees, internal reporting channels, accounting processes, and computer infrastructure, including

manipulating TFF and TFTN's IT systems and circumventing their IT safeguards, that Mrs. Thure actively participated in and aided in the concealment of fraud. Mr. McPherson facilitated the fraud by offering his personal bank account at Wilson Bank and Trust and Pinnacle Financial Partners to receive and disburse funds stolen from TFTN through the sham entity MTS Building and Electrical." (Doc. No. 46 at 1–2) (citing complaint; internal quotation marks omitted). The Defendants are under an active federal criminal investigation for the same conduct alleged in this action. (*Id.* at 3–6.) Defendants previously requested a stay of proceedings due to the ongoing criminal investigation, claiming that a continuation of this action would undermine their Fifth Amendment privilege against self-incrimination. (*See* Doc. No. 28 at 5.) On August 5, 2026, Chief Judge Campbell denied their motion for a stay. (Doc. No. 46.) In light of the Court's ruling, the case must proceed in the normal course.

The Court finds that Defendants' respective motions to extend the deadline to file a responsive pleading (Doc. Nos. 22 and 40) were appropriate at the time based on the reasons stated in the motions to extend and the issues raised in the motion for a stay. Requiring Defendants to respond to the complaint prior to the Court's ruling would have mooted, at least in part, the reasons why the stay was requested. Therefore, the motions are GRANTED IN PART. Now that the Court has settled the question, Defendants must file a responsive pleading by no later than **August 28, 2026**. *See Doe v. Spencer*, No. 1:23-CV-00002, 2025 WL 223852, at \*5 (M.D. Tenn. Jan. 16, 2025) ("Defendant's assertion that he would invoke his Fifth Amendment right against self-incrimination if required to file an answer does not justify his wholesale refusal to file an answer."). That is not to say that their rights against self-incrimination are lost. If the Defendants seek Fifth Amendment protection, they must specifically invoke it in response to each individual allegation in the complaint. *Id.*

Based on the Court's ruling on Defendants' motions to extend, Plaintiff's motions for default (Doc. Nos. 30 and 43) are DENIED without prejudice.

Plaintiff's motion to reconsider its prior order (Doc. No. 18) granting Defendants Brian and Julie Thure an extension to file an answer is DENIED. Plaintiff argues that the Court should have allowed them to respond to the motion before ruling on the matter. Plaintiff correctly cites Local Rule 7.01(b), which allows the Court to rule on matters before the response time has elapsed. Having considered the arguments raised by Plaintiff in opposition to granting the extension, the Court sees no reason to change its earlier ruling.

This matter shall promptly be set for an initial case management conference by separate order. All issues related to the discovery schedule shall be addressed at the conference. Therefore, Plaintiff's motion to expedite discovery (Doc. No. 20) and motion to expedite the initial case management conference (Doc. No. 45) are DENIED as moot.

### Conclusion

Defendants' respective motions to extend the deadline to file a responsive pleading (Doc. Nos. 22 and 40) are GRANTED IN PART. Plaintiff's motions for entry of default as to all Defendants (Doc. No. 30) and Plaintiff's motion for entry of default against Brian and Julie Thure (Doc. No. 43) are DENIED WITHOUT PREJUDICE. Plaintiff's motion to expedite discovery (Doc. No. 20) and motion to expedite the case management conference (Doc. No. 45) are DENIED AS MOOT. Plaintiff's motion for reconsideration (Doc. No. 19) is DENIED.

It is so ORDERED.

_____
LUKE A. EVANS
United States Magistrate Judge